# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE GABRIEL GUTIERREZ RAMIREZ,<br><br>    Petitioner,<br><br>    vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | CASE NO. CV 12-9756 GAF (RZ)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION |

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." For the third time in three actions, Petitioner purports to invoke habeas corpus but complains only about a former civil lawyer who allegedly cheated him. He hurls numerous verbal volleys against his conviction in 2011, but they are unintelligible. Habeas relief is unwarranted.

      Petitioner Noe Gabriel Gutierrez Ramirez is a state inmate. In May 2012, the Eastern District of California transferred a habeas action by Petitioner to this Court, where

it was assigned case number ED CV 12-00696 GAF (RZ). The Court summarily dismissed that action, explaining as follows:

> [Petitioner] is dissatisfied with the lawyer who represented him in a civil action in the wake of an auto collision in 2008. He explains that counsel Katherine (incorrectly spelled "Kathering" in the petition) Lipel settled his suit for $7,500 without his consent and that she even forged his signature in doing so. But Petitioner does not pray for a reversal of any conviction or seek an accelerated release from confinement.
>
> The principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits). Here, if Petitioner's claims were to succeed, he would not thereby be entitled to an accelerated release from confinement.
>
> Nor is § 1983 a proper form of relief. Petitioner simply alleges no violation of his federal legal rights.
>
> For the foregoing reasons, the Court DISMISSES the action without prejudice to Petitioner's pursuit of relief in state court or with state bar authorities.

Thereafter, Petitioner filed a new habeas action, *Gutierrez Ramirez v. Ochoa*, No. CV 12-4021 GAF (RZ). Initially, he complained about an improper conviction, although his submissions were very difficult to understand, in part because he did not use the Court's required form petition. Accordingly, the Court dismissed the initial petition with leave to amend. In Petitioner's amended petition, however, he reverted to his old

fraud allegations against his former car-accident lawyer, which provide no basis for habeas relief, as the Court explained in his prior case. The Court dismissed that action on June 20, 2012.

Now before the Court is Petitioner's third new-case pleading in 2012. He asks for $111.1 billion and his release from custody, but his petition is entirely unintelligible. As the Court reviews the petition, occasionally a recognizable term will emerge, such as "mistrial jury couldn't reach full verdict," although even that term clearly refers to proceedings "on 9-24-08," whereas Petitioner rather clearly states that his "false conviction" did not occur until "6-7-2011." In any event, Petitioner's submissions cannot be parsed into anything resembling a claim for relief. It is not even clear whether Petitioner is challenging a criminal conviction, a civil commitment, a parole violation or some other determination.

Were this Petitioner's only submission in recent months, the Court might be inclined to exercise its discretion to permit him leave to amend. But in light of the utter unintelligibility of this pleading *and* Petitioner's prior three pleadings this year, one of which was a futile attempt at amendment, the Court believes that any amendment here would also be futile.

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: November 27, 2012

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE